**IN THE COURT OF APPEALS OF IOWA**

No. 17-0777
Filed June 6, 2018

**IN RE THE MARRIAGE OF BONNIE ELIZABETH SEELY
AND CHAD DONALD SEELY**

**Upon the Petition of
BONNIE ELIZABETH SEELY,**
        Petitioner-Appellee,

**And Concerning
CHAD DONALD SEELY,**
        Respondent-Appellant.

_____

        Appeal from the Iowa District Court for Linn County, Fae E. Hoover-Grinde,

Judge.


        Father appeals child support and postsecondary education provisions of a

modification decree.  **AFFIRMED AS MODIFIED AND REMANDED.**


        Mark J. Seidl of Seidl & Seidl, P.L.C., Cedar Rapids, for appellant.

        Richard C. Garberson and Kerry A. Finley of Shuttleworth & Ingersoll,

P.L.C., Cedar Rapids, for appellee.


        Considered by Danilson, C.J., and Mullins and McDonald, JJ.

**MCDONALD, Judge.**

Chad and Bonnie Seely married in 1994 and divorced in 2012 pursuant to a stipulated decree. The stipulated decree provided for joint legal custody and joint physical care of the parties' four children, M.S. (born 1995), N.S. (born 1997), H.S. (born 2001), and J.S. (born 2003), with neither party to pay child support to the other. Subsequently, Chad relocated from the Cedar Rapids area, where the parties lived, to the Clinton area for work. Because the joint-physical-care arrangement was no longer practicable, Bonnie petitioned to modify the parties' decree, seeking physical care of the children, child support, and a change in the postsecondary education subsidy. The district court granted Bonnie's petition. Chad timely filed this appeal. On appeal, he contends the district court erred in calculating child support and erred in determining the necessary expenses for the postsecondary education subsidy. This court's review of a modification order is de novo. *See In re Marriage of Mihm*, 842 N.W.2d 378, 381 (Iowa 2014).

Before turning to the merits of the questions presented, we address a significant issue bearing on the resolution of this appeal: the record, it's stale. It's cliché to say that justice delayed is justice denied. But it's a cliché for a reason, it's true. Here, the modification petition was filed in July 2014. Even though the only issues for trial were child support and the postsecondary education subsidy, the matter did not come on for trial until eighteen months later in January 2016. Four months later, on April 5, 2016, the district court issued an order granting the petition to modify. Of note, the district court's order merely copied verbatim Bonnie's pretrial statement of proposed relief. After the district court entered its order granting the petition, Chad timely filed a motion to enlarge or amend pursuant

to Iowa Rule of Civil Procedure 1.904(2). The district court ruled on the motion on May 11, 2017—more than one year after the motion was filed. Because of the delay, the parties are now on appeal contesting child support based on a record that, more likely than not, bears little relationship to the parties' present personal and financial circumstances. With this in mind, we turn to the merits of the appeal.

We first address the issue of the amount of child support. "Our legislature has established a rebuttable presumption that our child support guidelines yield the proper amount of monthly support." *In re Marriage of McDermott*, 827 N.W.2d 671, 684 (Iowa 2013). "The child support guidelines are designed to calculate an amount of funds that will cover the normal and reasonable costs of supporting a child. In fact, there is a presumption the guidelines will yield a support amount that will encompass the normal needs of a child, except for medical support and postsecondary education expenses." *Id.* at 685–86. "The court may not deviate from the amount of the child support yielded by the guidelines 'without a written finding that the guidelines would be unjust or inappropriate under specific criteria.'" *Id.* at 684. "All income that is not anomalous, uncertain, or speculative should be included when determining a party's child support obligations." *In re Marriage of Nelson*, 570 N.W.2d 103, 105 (Iowa 1997). In cases with variable income, Iowa courts often, but not always, use an average of earnings over several years. *See In re Marriage of Hagerla*, 698 N.W.2d 329, 332 (Iowa Ct. App. 2005).

The parties are well familiar with the facts and circumstances of the case, and we need not discuss them in any great detail. In short, Chad is a long-time employee of grocery store chain. He relocated to Clinton to become the manager of a store undergoing extensive renovations. Because of the manner in which the

company compensated store managers based on the profitability of the store, it was uncertain at the time of trial what Chad's future income would be.  Rather than finding Chad's actual income at the time of trial and applying the child support guidelines, the district court created a support scheme in which Chad would pay a base level of support based on a minimum salary amount and then seventeen percent of his gross income over the minimum salary amount.  Chad challenges this support scheme as erroneous.

We have little trouble in concluding the district court erred in determining the amount of child support to be paid.  The district court failed to determine the parties' respective net monthly incomes as required by the guidelines.  While Chad's future compensation was somewhat indeterminate, his actual compensation at the time of trial was not.  The possibility that Chad's future income was indeterminate was not, in and of itself, sufficient reason to deviate from the child support guidelines.  Instead, any material changes in Chad's future income could have been addressed in a subsequent modification proceeding.  In addition, the district court's determination Chad should pay as child support an additional seventeen percent of his gross income over a certain threshold is an unjustified and substantial deviation from the guidelines formula.  This formula worked a substantial injustice to Chad who would be forced to pay a significant amount more than the guidelines required as his income increased.

This leaves us with the question of the appropriate remedy.  As noted above, almost four years have passed since Bonnie first filed for modification.  Almost two and one-half years have passed since the time of trial.  There is little point in remanding this matter for a determination of the appropriate amount of

child support based on the evidence introduced at the time of trial. The parties' respective incomes have now undoubtedly changed. At least two, and perhaps three, of the parties' children are no longer eligible for child support. Given the foregoing, we remand this matter to the district court to determine child support for the child or children still subject to support based on the parties' present financial circumstances and the current child support guidelines and modify the child support provision accordingly. *See In re Marriage of Hoffman*, 867 N.W.2d 26, 37 (Iowa 2015) (relying on this remedy). *See, e.g., In re Marriage of Kapfer*, No. 17-0683, 2017 WL 5185448, at *5 (Iowa Ct. App. Nov. 8, 2017) (remanding for determination of support based on present circumstances); *In re Marriage of Rogers*, No. 16-1571, 2017 WL 4842306, at *6 (Iowa Ct. App. Oct. 25, 2017) ("Because the district court improperly imputed income to Jessica when determining the child-support obligation and should have used the average of Jason's total income, we remand for recalculation of the award. On remand, the district court should recalculate the obligation 'based on the present financial circumstances of the parties and the child support guidelines.'"); *Ruden v. Peach*, 904 N.W.2d 410, 416 (Iowa Ct. App. 2017) ("We remand to the district court to determine the issues of visitation and support based on the present circumstances."); *In re Marriage of Comstock*, No. 15-1570, 2016 WL 4803930, at *9 (Iowa Ct. App. Sept. 14, 2016) ("We remand this case to the district court for determination of Jessica's child-support obligation based upon the present financial circumstances of the parties."); *Walker v. Lusk*, No. 15-0784, 2016 WL 3002912, at *5 (Iowa Ct. App. May 25, 2016) ("We remand to the district court to recalculate Brittani's obligation based on the present financial circumstances of the

parties and the child support guidelines."); *In re Marriage of Thomas*, No. 02-0317, 2002 WL 31313690, at *3 (Iowa Ct. App. Oct. 16, 2002) ("We remand this case to the district court for determination of Kenneth's child support obligation based upon the present financial circumstances of the parties.")

We next address Chad's challenge to the postsecondary education subsidy. The district court ordered Chad to pay "up to $7000 (toward room and board and tuition) per year for each child's education, in addition to 1/3 of necessary expenses associated with the child's college education . . . Necessary expenses shall include, but not be limited to the purchase price, insurance, maintenance of an automobile, and the cost of a cell phone." Chad raises two challenges to the award. He contends the district court erred in determining the amount of the subsidy. He also contends the district court erred in including as necessary costs the purchase, insurance, and maintenance for an automobile.

The district court erred in calculating the postsecondary education subsidy. The supreme court recently clarified the manner to determine costs for necessary postsecondary education expenses. *See In re Marriage of Larsen*, __ N.W.2d __, __ , 2018 WL 2371549, at *3–4 (Iowa 2018).

> The legislature requires us to determine "the cost of postsecondary education based upon the cost of attending an in-state public institution for a course of instruction leading to an undergraduate degree and shall include the reasonable costs for only necessary postsecondary education expenses." [Iowa Code] § 598.21F(2)(a). This finding is required whether the child is attending an in-state public institution, an in-state private institution, or an out-of-state institution. The costs of attending an in-state public institution should be substantially the same whether the child attends an in-state public institution, an in-state private institution, or an out-of-state institution.
> In this case, Lynn and Roger are arguing over the specific costs for H.M. to attend an in-state public institution. We now hold

arguing over the specific costs is unnecessary. Our federal government has established programs to make benefits available to eligible students seeking a postsecondary education. 20 U.S.C. § 1070 (2012). In connection with determining what benefits are available to the students, Congress requires the institutions to determine the cost of attendance for each institution. *See id.* § 1087*ll.* In calculating the cost of attendance for full-time students, the statute defines the cost of attendance as

(1) tuition and fees normally assessed a student carrying the same academic workload as determined by the institution, and including costs for rental or purchase of any equipment, materials, or supplies required of all students in the same course of study;

(2) an allowance for books, supplies, transportation, and miscellaneous personal expenses, including a reasonable allowance for the documental rental or purchase of a personal computer, for a student attending the institution on at least a half-time basis, as determined by the institution;

(3) an allowance (as determined by the institution) for room and board costs incurred by the student which—

(A) shall be an allowance determined by the institution for a student without dependents residing at home with parents;

(B) for students without dependents residing in institutionally owned or operated housing, shall be a standard allowance determined by the institution based on the amount normally assessed most of its residents for room and board;

(C) for students who live in housing located on a military base or for which a basic allowance is provided under section 403(b) of title 37, shall be an allowance based on the expenses reasonably incurred by such students for board but not for room; and

(D) for all other students shall be an allowance based on the expenses reasonably incurred by such students for room and board [.]

*Id.* § 1087*ll* (1)-(3).

. . . .

We believe the cost of attendance as published by each institution pursuant to 20 U.S.C. § 1087*ll* is presumed to be the reasonable and necessary cost of attending an in-state public institution for a course of instruction when a court makes its calculation under Iowa Code section 598.21F(2)(a). If a party can show a special need or some other circumstances that the presumptive cost is not the reasonable and necessary cost of attending an in-state public institution for a course of instruction for that particular student, the court may vary from the presumptive cost.

Id. at * __. We remand this matter for redetermination of the postsecondary education subsidy in accord *Larsen*. As with child support, the postsecondary education subsidy shall be based on present circumstances.

Bonnie requests she be awarded appellate attorney fees. "Appellate attorney fees are not a matter of right, but rather rest in this court's discretion. In determining whether to award appellate attorney fees, we consider the needs of the party seeking the award, the ability of the other party to pay, and the relative merits of the appeal." *McDermott*, 827 N.W.2d at 687. Upon consideration of these factors, we decline to award Bonnie appellate attorney fees.

We remand this matter for the recalculation of child support and the postsecondary education subsidy as set forth in this opinion. We do not retain jurisdiction.

**AFFIRMED AS MODIFIED AND REMANDED.**